1  GABRIELLE M. WIRTH (SBN 106492)
   wirth.gabrielle@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone:  (714) 800-1400
4  Facsimile:  (714) 800-1499

5

   Attorneys for Defendants
6  XPO LOGISTICS SUPPLY CHAIN, INC.
   Erroneously sued as XPO Logistics, Inc.
7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | STEVE WOOD, an individual, | CASE NO: |
|---|---|---|
| 13 | | [San Francisco Superior Court Case No: CGC 16-554876] |
| 14 | Plaintiff, | |
| 15 | | **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)** |
| 16 | vs. | |
| 17 | | |
| 18 | XPO LOGISTICS, INC., a Delaware Corporation, and DOES 1 through 20, | **[28 U.S.C. §§ 1332 AND 1441(B)]** |
| 19 | Defendants. | [Filed Concurrently With Declarations of Richard Valitutto; Civil Case Cover Sheet; Appendix of State Court Pleadings; and Certificate of Interested Parties] |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | Complaint Filed:  October 17, 2016<br>Trial Date:  Not Set |

24  ///
25  ///
26  ///
27
28

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant XPO Logistics Supply Chain, Inc. ("Defendant") erroneously sued as XPO Logistics, Inc. hereby invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446(b). Removal is proper on the following grounds:

1. On October 17, 2016, Plaintiff Steve Wood ("Plaintiff" and/or "Wood") filed a civil action in the Superior Court of the State of California for the County of San Francisco, entitled *Steve Wood, an individual vs. XPO Logistics, Inc., a Delaware Corporation, and DOES 1 through 20,* Case No. CGC 16-554876. (the "Complaint" or "State Court Action").

2. On October 18, 2016, Plaintiff served the Complaint on Defendant. *See* Declaration of Richard Valitutto ("Valitutto Decl.") ¶ 2.

3. The gravamen of the Complaint is that Defendant failed to pay commissions, keep proper payroll records and retaliated against Plaintiff for his complaints about commissions. Plaintiff seeks general, special, consequential, and punitive damages, as well as interest, costs of suit, and attorneys' fees. Complaint Prayer for Relief ¶¶ 1-5.

4. The Complaint asserts six causes of action against Defendants for: (1) Failure to Pay Commission Wages; (2) Failure to Provide Accurate Wage Statements; (3) Unfair Business Practices; (4) Breach of Contract; (5) Promissory Estoppel; and (6) Wrongful Retaliation in Violation of Public Policy.

5. Service of process of the Summons and Complaint was effectuated on Defendants' agent for service, CSC, on October 18, 2016. See Declaration of Richard Valitutto, Plaintiff served a Civil Case Cover Sheet, Notice to Plaintiff of Case Management Conference. *See* Valitutto Decl. ¶ 2. The Complaint did not contain Exhibit A. *Id*

6. The Complaint also names 20 unnamed Does as potential defendants.

Id. at 1.

## I. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Complete Diversity Exists

7. As set forth below, complete diversity exists between Plaintiff, on one hand, and Defendant on the other.

#### 1. Citizenship of Plaintiff

8. Plaintiff alleges that at all times relevant hereto he performed work for Defendant in the County of San Francisco Complaint. ¶ 3. Plaintiff does not allege an alternative state of residence, other than the state in which he worked. Accordingly, Plaintiff is a citizen of California for purposes of determining diversity. *See* 28 U.S.C. § 1332(a).

#### 2. Citizenship of Defendant

9. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Defendant XPO Logistics Supply Cian, Inc. is incorporated in Delaware. Valitutto Decl. ¶ 4. Defendant erroneously named XPO Logistics, Inc. has its headquarters and principal place of business in Greenwich Connecticut, where its officers direct, control, and coordinate the corporation's activities. *See* Valitutto Decl. ¶ 4. Therefore, Defendant's principal place of business is North Carolina, and Defendant is a citizen of Delaware for diversity purposes. *See* U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-93.

11. XPO Logistics Inc. ("XPO") is not the proper party in that it is not the entity formerly known as Menlo Logistics, Inc. ("Menlo"). On September 2, 2014, XPO established a logistics subsidiary through the acquisition of New Breed Logistics which changed its name to XPO Logistics Supply Chain, Inc. XPO

Logistics Worldwide and XPO Logistics Supply Chain, Inc. are Delaware corporations with a principal place of business of 4055 Piedmont Parkway, High Point, North Caroline 27265. The offices of XPO Logistics Worldwide and XPO Logistics Supply Chain, Inc. are in the same location, which is also the location of my office. XPO Logistics Supply Chain, Inc. operates what was XPO Logistics Worldwide including the entity formerly known as Menlo out of the North Carolina location. On October 30, 2015 XPO completed its acquisition of Conway, the parent company of Menlo, through the merger of Canada Merger Corp with and into Conway and Conway became a wholly owned subsidiary of XPO. Attached as Exhibit B to the Valitutto Declaration are excerpts from the tender offer statement confirming this fact filed with the Securities and Exchange Commission. Conway's subsidiary and Plaintiff's employers, Menlo Logistics, Inc., changed its name to XPO Logistics Worldwide Inc., a true and correct copy of which is attached as Exhibit C to the Valitutto Declaration. XPO Logistics Worldwide, Inc. fka Melano Logistics, Inc is operated by and is an affiliate company of XPO Logistics Supply Chain, Inc. Valitutto Decl. ¶ 4.

### 3. The Doe Defendants

12. Defendants are not aware that any Doe Defendants have been served with a copy of the Summons and Complaint or that any have been named as a party to the State Court Action. *See* Valitutto Decl. ¶ 3. In any event, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## II. PLAINTIFF SEEKS DAMAGES IN EXCESS OF $75,000

13. Plaintiff does not provide a Statement of Damages in his Complaint, and instead generally alleges that he seeks damages in excess of $25,000. However, Plaintiff alleges that he received an annual salary of "$177,624 ($14,802 per

1  month)" Complaint ¶39, and seeks penalties under Labor Code Section 226 of
2  $4,000. Furthermore, Plaintiff seeks damages, including restitution and statutory,
3  compensatory consequential, punitive and exemplary damages; prejudgment and
4  post-judgment interest; and attorneys' fees and costs. This list makes clear that the
5  amount in controversy in Plaintiff's claims is greater than $75,000. *See Dart*
6  *Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) ("[A]
7  defendant's notice of removal need include only a plausible allegation that the
8  amount in controversy exceeds the jurisdictional threshold"). Moreover, Plaintiff's
9  last settlement demand was in excess of $900,000. Valitutto Decl. ¶ 5 Exhibit D.

## III. DEFENDANTS HAVE SATISFIED ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS

14.  Plaintiff is a citizen of California, Defendant is a citizen of Delaware. Accordingly, complete diversity exists under 28 U.S.C. § 1332(a).

15.  Because complete diversity exists between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a), Defendants may remove this action to this Court.

16.  This Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

17.  Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) and § 1391(a) because the State Court Action was filed within this District.

18.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California for the County of San Francisco. The proof of service of this Notice of Removal to all adverse parties will be filed with this Court.

19.  By this Notice of Removal, Defendants do not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

///

| | | |
|---|---|---|
| 1 | DATED: November 17, 2016 | DORSEY & WHITNEY LLP |
| 2 | | |
| 3 | | By  /s/ *Gabrielle M. Wirth* |
| 4 | |      Gabrielle M. Wirth |
| 5 | | *Attorneys for Defendant*<br>XPO Logistics Supply Chain, Inc. |

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On November 17, 2016, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY) [28 U.S.C. §§ 1332 AND 1441(B)]**

SERVED UPON:
Robert W. Ottinger
The Ottinger Firm, P.C.
535 Mission Street
San Francisco, Ca 94105
Tel: 415-579-1584
Fax: 212-571-0505

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by **LS Attorney Services LLC** to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on November 17, 2016, at Costa Mesa, California.

_____
Kim Massure-Rayson