1  GABRIELLE M. WIRTH (SBN 106492)
   wirth.gabrielle@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone: (714) 800-1400
4  Facsimile: (714) 800-1499

5

6  Attorneys for Defendants
   XPO LOGISTICS SUPPLY CHAIN, INC.
7  Erroneously sued as XPO Logistics, Inc.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 STEVE WOOD, an individual,          CASE NO:

13            Plaintiff,               [San Francisco Superior Court
                                       Case No: CGC 16-554876]
14

15

16    vs.                             **APPENDIX OF STATE COURT
                                      PLEADINGS AND DOCUMENTS**
17
                                      **[28 U.S.C. §§ 1332 AND 1441(B)]**
18 XPO LOGISTICS, INC., a Delaware
   Corporation, and DOES 1 through 20, [Filed Concurrently With Notice of
19                                      Removal; Declarations of Richard
            Defendants.                Valitutto; Civil Case Cover Sheet;
20                                      and Certificate of Interested Parties]

21

22                                     Complaint Filed: October 17, 2016
                                       Trial Date: Not Set
23 ///

24 ///

25 ///

26

27

28

───────────────────────────────────────
        APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Attached hereto is the appendix of state court pleadings and documents filed concurrently with the Notice of Removal of Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332 and 1441(b) (Diversity), filed by Defendants XPO Logistics Supply Chain, Inc. erroneously sued as XPO logistics, Inc.

| Exhibit No. | Description |
|---|---|
| A | A copy of the Civil Cover Sheet, Summons and Complaint filed by Plaintiff on October 17, 2016; |
| B | A copy of Notice to Plaintiff of Case Management Conference; |
| C | A copy of the Proof of Service of Summons showing service of Summons, Civil Case Cover Sheet, Complaint, Notice to Plaintiff, ADR Information. |
| D | A copy of Summons and Complaint received by Defendant on October 18, 2016 – Civil Case Cover Sheet, Notice to Plaintiff and ADR Information was not received. |

DATED: November 17, 2016                   DORSEY & WHITNEY LLP


By   */s/ Gabrielle M. Wirth*
         Gabrielle M. Wirth

         *Attorneys for Defendant*
         XPO Logistics Supply Chain, Inc.

1

# EXHIBIT A

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Robert Ottinger (SBN 156825) <br> The Ottinger Law Firm <br> 535 Mission Street <br> San Francisco, CA 94105 <br> TELEPHONE NO.: (415) 200-3704   FAX NO.: (212) 571-0505 <br> ATTORNEY FOR *(Name):* Steve Wood | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**F I L E D**
San Francisco County Superior Court

OCT 17 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

CASE NAME:
Steve Wood vs. XPO Logistics, Inc. and Does 1-20

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | **CGC 16-554876** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse <br> condemnation (14) | [ ] Insurance coverage claims arising from the <br> above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [✓] Other employment (15) | | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  six
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 10/17/2016
Robert Ottinger
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A  Page 3

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhibit *A* Page *4*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XPO Logistics, Inc., , INC., a Delaware Corporation, and Does 1
through 20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steve Wood, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | **CASE NUMBER:** |
|---|---|
| *(El nombre y dirección de la corte es):* Civic Center Courthouse | *(Número del Caso):* |
| 400 McAllister Street | CGC 16-554876 |
| San Francisco, CA 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Ottinger Law Firm, 535 Mission Street, San Francisco, CA 94105, (415) 200-3704

| DATE: 10/OCT 07 2016 | Clerk, by | DE LA VEGA NAVARRO, Roesaly | Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

**CLERK OF THE COURT**

**BY FAX**

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* XPO Logistics, Inc.

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Exhibit A Page 5

1  Robert W. Ottinger (SBN 156825)
2  THE OTTINGER FIRM, P.C.
   535 Mission Street
3  San Francisco, CA 94105
   robert@ottingerlaw.com
4  Tel: 415-579-1584
   Fax: 212-571-0505
5
   *Attorneys for Plaintiff, Steve Wood*
6

**F I L E D**
San Francisco County Superior Court

OCT 17 2016

CLERK OF THE COURT
BY: _____ Deputy Clerk

7
8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF SAN FRANCISCO
10                      UNLIMITED JURISDICTION

CGC 16-554876

11   Case Number:
12   **COMPLAINT FOR:**
13   STEVE WOOD, an individual;
        1. FAILURE TO PAY COMMISSION
14          Plaintiff,          WAGES;
                                2. FAILURE TO PROVIDE ACCURATE
15          vs.                    WAGE STATEMENTS;
                                3. UNFAIR BUSINESS PRACTICES;
16   XPO LOGISTICS, INC., a Delaware Corporation,   4. BREACH OF CONTRACT;
                                5. PROMISSORY ESTOPPEL; AND
17   and DOES 1 through 20,       6. WRONGFUL RETALIATION IN
                                    VIOLATION OF PUBLIC POLICY
18          Defendants.

     **JURY TRIAL DEMANDED**

19
20
21
22
23
24
25
26                                          **BY FAX**
27
28

                                1
                            COMPLAINT

Exhibit A Page 6

Plaintiff Steve Wood ("Mr. Wood" or "Plaintiff"), for its Complaint against Defendants XPO Logistics, Inc., f/k/a Menlo Logistics, Inc. (herein "Defendant" or "XPO"), and Does 1 through 20, alleges as follows:

## INTRODUCTION

1. Plaintiff is a salesperson who brings this action to collect his unpaid earned commissions under Defendant's commission plans.

## PARTIES

2. Plaintiff is an individual who resides in California. He is currently employed by Defendant as a commissioned salesperson. At all relevant times, Plaintiff met the definition of an "employee" and a "commission salesperson" under all applicable statutes, laws and regulations.

3. Defendant XPO is a Delaware Corporation with its corporate headquarters in High Point, North Carolina. Defendant has an office in San Francisco, California, where Plaintiff has worked, and continues to work. Defendant provides supply chain services to domestic and international businesses. Defendant is authorized to, and does, conduct business in the State of California. At all relevant times, Defendant met the definition of "employer" under all applicable statutes, laws and regulations.

4. At all times mentioned herein, Defendant was acting in an individual, corporate, affiliate, employer, employee, supervisor, agency, associate aider and abettor and/or alter ego of each remaining Defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.

5. Does 1 through 20 are individuals not yet known to the Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court because Defendants named herein conduct business in the State of California. Jurisdiction is conferred on this Court as to all causes of action because they

Exhibit A  Page 7

arise under state statutory or common law.  Jurisdiction is proper because alleged damages exceed $25,000.

7.  Venue in this Court is proper because Plaintiff performed work, and earned commissions, while he worked for Defendants in San Francisco, California in San Francisco County.

## GENERAL ALLEGATIONS

8.  Plaintiff has been continuously employed by a series of national and international corporations that have either been purchased or reorganized into what is now known as XPO.

9.  Plaintiff has been continuously employed by XPO or its predecessors, parent, affiliate or subsidiary, since he became an employee of Defendant on or about May, 1988.

10. From January, 2005 to August, 2012, Plaintiff held the title of Senior Director of Business Development for XPO Logistics, Inc.  From August, 2012 to the present, Plaintiff has held the title of Director of Business Development for XPO.  Plaintiff has been employed by XPO at its facility in San Francisco, California, in the County of San Francisco.

11. Plaintiff's employment was not interrupted by XPO's acquisition of Menlo Logistics.

12. At all relevant times, Plaintiff was eligible to receive commission payments under the applicable commission plans and XPO's company policies.

13. Plaintiff fulfilled all relevant steps to earn commissions under the applicable plans for the 2011 Google Renewal Contract, 2011 Comcast Renewal Contract, 2013 Amazon Win and 2014 Amazon Win Expansion, and 2014 Google Renewal Contract. Plaintiff was entitled to receive commissions under the applicable plans for all these deals.

14. Plaintiff did not receive any of the commissions that were due to him for the 2013 Amazon Win and 2014 Amazon Win Expansion. Plaintiff only received partial payments for the 2011 Google Renewal and 2011 Comcast Contract; XPO began to make the two years of commission payments due on these deals to Plaintiff, but stopped them in 2012 with 12 to 18 months of commission payments still due.  Plaintiff received partial payment for the 2014 Google Renewal Contract; his payment was reduced to a flat fee, was delayed by a year, and was spread over two years.

**FIRST CAUSE OF ACTION**

**Failure to Pay Commission Wages in Violation of California Labor Code §§ 200 *et seq.***

**(Against All Defendants)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

16. At all times relevant to this complaint and during Plaintiff's tenure of employment with Defendant, a portion of Plaintiff's total compensation as an employee of Defendant included commissions earned by securing temporary, long term and renewal contracts for the use of Defendant's facilities and services with other domestic and international corporations.

17. Plaintiff and Defendant agreed that, in addition to a set monthly salary, Plaintiff would earn a commission on sales. The Plaintiff and Defendant have executed multiple commission plans, pursuant to which Plaintiff has earned commissions.  This commission plans entitled Plaintiff to a four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and a two percent (2%) commission of operating income for two (2) years following existing business being re-won.  A true and correct copy of the 2005 commission plan is attached as Exhibit A to this complaint and is incorporated herein by reference. [2005 plan]

18. Plaintiff performed all of the duties and obligations required of him by Defendant during his employment, including those duties and obligations that would entitle Plaintiff to receive commissions under the applicable commission plans.

19. Defendants, and each of them, have knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions he properly earned during his employment with Defendants.

20. Pursuant to California Labor Code §§ 200 *et seq.*, Plaintiff is entitled to recover his unpaid commissions and penalties, all in an amount to be proven at trial.  Plaintiff is also entitled to the unpaid 7% of the commissions he is due as additional contributions to his 401k plan.

Exhibit *A*  Page 9

21. Pursuant to Labor Code § 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

22. Pursuant to California Labor Code § 218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date the wages were due and payable.

### SECOND CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements in**

**Violation of California Labor Code §§ 226 *et seq.***

**(Against All Defendants)**

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

24. Defendants, and each of them, were, at all times relevant to this complaint, obligated under California Labor Code §226 and California Industrial Welfare Commission Order 7-2001, to keep an accurate record of Plaintiff's payroll and wage details and history.

25. Pursuant to California Law, Defendants, and each of them, were further required to provide Plaintiff with itemized written payroll statements that are required to include, among other things and without limitation, all sales obtained by Plaintiff, Plaintiff's total commissions, the total hours worked by Plaintiff, all of the deductions made from Plaintiff's compensation, gross and net wages earned by Plaintiff, the inclusive dates of the period for which Plaintiff was paid and the last four digits of Plaintiff's social security number.

26. Defendants, and each of them, failed to keep precise and complete payroll records for Plaintiff, have failed to properly itemize the commissions earned by Plaintiff, determine Plaintiff's gross and net wages, and have further failed to provide accurate wage statements with each payment of wages to Plaintiff, as required by law.

27. Defendants' failure to provide Plaintiff with accurate wage statements was knowing and intentional.

28. As a result of Defendants' conduct, Plaintiff has suffered injury in that, among other things, the

Exhibit A   Page 10

lack of accurate wage statements, including income and expense statements, has hindered him from determining the correct amount of wages owed to him. The absence of accurate wage statements has caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff's entitlement to social security benefits, as well as employer contributions to social security benefits, FICA, and FUTA, is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and Plaintiff is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff has suffered injury in that his legal right to receive accurate wage statements was violated.

29. Pursuant to California Labor Code § 226, Plaintiff is entitled to a penalty of $100.00 for the first violation and $50.00 per pay period for each subsequent violation of this section, according to proof and up to a maximum of $4,000.00.

30. Plaintiff is entitled to recover the full amount due under California Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION

#### Unfair Business Practices in Violation of

#### California Business and Professions Code §§ 17200 *et. seq.*

#### (Against All Defendants)

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

32. Pursuant to California Business & Professions Code §§ 17200 *et seq.* and related statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

33. The court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200

6
COMPLAINT

*et. seq.*, specifically Business and Professions Code § 17203, which provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice that constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code § 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

34. Defendants, and each of them, have engaged in unfair business practices by consistently and knowingly committing the violations of California wage and hour law against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

35. Defendants, and each of them, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

36. Defendants, and each of them, should be ordered to restore to Plaintiff all of his unpaid commissions and unpaid 401k contributions as well as paying all wage statement violation penalties, costs, expenses and attorney's fees, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

38. During Plaintiff's employment with Defendants, Plaintiff and Defendants have entered into multiple commission plans and employment agreements whereby Plaintiff was to become

employed with Defendants.

39. Plaintiff and Defendants agreed that Plaintiff's compensation while employed with Defendants would consist of a monthly fixed salary of $14,802 per month as well as a commission on sales made by Plaintiff. In the 2005 commission plan, it was agreed between Plaintiff and Defendants that this commission percentage would be four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and two percent (2%) of operating income for two (2) years following business that is re-won. As Senior Director of Business Development, Plaintiff was also entitled to 75% of the commissions of the staff who reported to him.

40. Plaintiff performed all of the duties and obligations required of him by Defendants during his employment, including those duties and obligations that would entitle Plaintiff to receive his commissions.

41. Defendants, and each of them, have knowingly and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions—including not paying commissions, paying partial commissions, paying less commissions than owed, and delaying commission payments— that Plaintiff properly earned during his employment with Defendants.

42. In violation of California law, Plaintiff was not paid certain commissions he earned.

43. Defendants, and each of them, have breached the agreement Defendants and Plaintiff entered into by not paying Plaintiff for all of the commissions Plaintiff earned and was rightfully entitled to during his employment with Defendants.

44. Plaintiff is entitled to recover all economic damages suffered in light of the Defendants' breach of contract, as well as all costs and other damages to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Promissory Estoppel**

**(Against All Defendants)**

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

46. On or about August 12, 2005, in San Mateo, California in San Mateo County, and in San Francisco, California in San Francisco County, Defendants represented to Plaintiff that he would receive a four percent (4%) commission of operating income for two (2) years on all new projects for new clients and all new projects for existing clients for which he was responsible and a two percent (2%) commission of operating income for two (2) years for all new business that is re-won.

47. In so doing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' promise by continuing to work for Defendants as Senior Director of Business Development and Director of Business Development.

48. Plaintiff reasonably relied upon Defendants' representation and was reasonably induced to continue to work for Defendants as Senior Director of Business Development.

49. Defendants have not performed their representation to Plaintiff by failing to pay him the commissions owed to him.

50. As a proximate result of Defendants' failure to perform according to the representation that they made to Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

51. Injustice can only be avoided by completely enforcing Defendants' promise to Plaintiff.

## SIXTH CAUSE OF ACTION

### Wrongful Retaliation in Violation of Public Policy

### (Against all Defendants)

52. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

53. From 2012 to the present, Plaintiff has voiced complaints to the Defendants that he has not been rightfully compensated pursuant to the commission plans that have been in place between him and the Defendants. Namely, Plaintiff has informed Defendants that he has not received the

9
COMPLAINT

Exhibit A Page 14

commissions owed to him under the plans in place between him and the Defendants.

54. In retaliation for Plaintiff's complaints, he has been denied promotional opportunities and has been taken off of projects where he could earn commissions. Plaintiff was also demoted in 2012 from Senior Director of Business Development to Director of Business Development. Plaintiff had his trained resource team reassigned, was denied merit and cost-of-living increases, bonuses, and has been taken off projects, and left out of training opportunities, all in retaliation for complaining about his unpaid earned commissions. Plaintiff also failed to receive the 75% of commissions of the staff who reported to him when he was demoted from Senior Director of Business Development to Director of Business Development.

55. Plaintiff has also requested compensation for commissions that he is owed, but has not received payment for them on the following 2016 projects: Anki, Aspen Medical, Emerson Network Power (Liebert), Kendo, and Project Arrow (Pandora/Google renewal). These commissions are being withheld from Plaintiff because of the complaints he has made regarding unpaid commissions.

56. Defendant have issued a commission plan that was set to go into effect in July, 2016, that would remove renewal contracts from commissions, such that Plaintiff will not receive compensation for work he has already performed on renewal contracts, including Project Arrow.

57. Defendants' actions have violated, and continue to violate, California public policy for retaliating against Plaintiff for engaging in a protected activity under California law, specifically the actions violated California's law against retaliation for reporting violations of state law, for failure to pay him wages owed to him, under California Labor Code § 1102.5(b).

58. As a result of Defendants' wrongful retaliation against Plaintiff for his legally protected actions, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve Wood prays for judgment against Defendants, and others as of yet

Exhibit A Page 15

unnamed Doe Defendants, as follows:

1.  For damages, including restitution and statutory, compensatory, consequential, punitive and exemplary damages in an amount to be proved at trial and as permitted by law;

2.  For prejudgment and post-judgment interest at the rate authorized by law;

3.  For reasonable attorneys' fees pursuant to California Labor Code § 203 and where otherwise authorized by statute and/or contract;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as this Court deems just and proper.

Dated:     October 14, 2016
           San Francisco, CA

Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-579-1584
Fax: 212-571-0505

*Attorneys for Plaintiff*

Exhibit A  Page 16

# EXHIBIT B

CASE NUMBER: CGC-16-554876  STEVE WOOD VS. XPO LOGISTICS, INC. A DELAWARE COI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **MAR-22-2017** | |
| **TIME:** | **10:30AM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order    **without an appearance**    at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.    **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT C

Exhibit _C_ Page _19_

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert Ottinger, 156825<br>The Ottinger Firm<br>535 Mission Street<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415)262-0096<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**11/14/2016**<br>**Clerk of the Court**<br>BY:KALENE APOLONIO<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102

| PLAINTIFF/PETITIONER: Steve Wood | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XPO LOGISTICS, INC. | CGC 16-554876 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>None |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summons, Civil Case Cover Sheet, Complaint, Notice to Plaintiff, ADR Information

3. a. Party served:  XPO Logistics Inc., a Delaware Corporation

   b. Person Served: CSC-Becky DeGeorge  – Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 N Gateway Oaks Dr, Ste 150
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/18/2016        (2) at   (time): 2:06PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

XPO Logistics Inc., a Delaware Corporation
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:          Christine E. Martin
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947

   c. Telephone      415-491-0606
   d. The fee for service was: $ 37.95
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 2014-11
         (iii) County:  Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 10/18/2016

Christine E. Martin
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10616248

Exhibit  C  Page  20

# EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XPO Logistics, Inc., INC., a Delaware Corporation, and Does 1
through 20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steve Wood, an individual

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister Street
San Francisco, CA 94102

</td><td>

CASE NUMBER:
*(Número del Caso):*
CGC 16-554876

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Ottinger Law Firm, 535 Mission Street, San Francisco, CA 94105, (415) 200-3704

DATE: 10/17/2016                    CLERK OF THE COURT    Clerk, by                          , Deputy
*(Fecha)*    OCT 17 2016                *(Secretario)*    ANA VEGA-NAVARRO    *(Adjunto)*
DE LA VEGA-NAVARRO

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* XPO Logistics, Inc.

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**BY FAX**

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

</td></tr>
</table>

Exhibit D Page 22



1 | Robert W. Ottinger (SBN 156825)
2 | THE OTTINGER FIRM, P.C.
535 Mission Street
3 | San Francisco, CA 94105
robert@ottingerlaw.com
4 | Tel: 415-579-1584
Fax: 212-571-0505
5 |
6 | *Attorneys for Plaintiff, Steve Wood*
7 |
8 |
9 |

**ENDORSED**
**FILED**
San Francisco County Superior Court

OCT 17 2016

CLERK OF THE COURT

BY: _____
Deputy Clerk

DE LA VEGA-NAVARRO, Rossaly

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

Case Number: CGC 16-554876

**COMPLAINT FOR:**

1. FAILURE TO PAY COMMISSION WAGES;
2. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;
3. UNFAIR BUSINESS PRACTICES;
4. BREACH OF CONTRACT;
5. PROMISSORY ESTOPPEL; AND
6. WRONGFUL RETALIATION IN VIOLATION OF PUBLIC POLICY

**JURY TRIAL DEMANDED**

STEVE WOOD, an individual;

    Plaintiff,

    vs.

XPO LOGISTICS, INC., a Delaware Corporation, and DOES 1 through 20,

    Defendants.

**BY FAX**

1
COMPLAINT

Exhibit D Page 23

Plaintiff Steve Wood ("Mr. Wood" or "Plaintiff"), for its Complaint against Defendants XPO Logistics, Inc., f/k/a Menlo Logistics, Inc. (herein "Defendant" or "XPO"), and Does 1 through 20, alleges as follows:

## INTRODUCTION

1. Plaintiff is a salesperson who brings this action to collect his unpaid earned commissions under Defendant's commission plans.

## PARTIES

2. Plaintiff is an individual who resides in California. He is currently employed by Defendant as a commissioned salesperson. At all relevant times, Plaintiff met the definition of an "employee" and a "commission salesperson" under all applicable statutes, laws and regulations.

3. Defendant XPO is a Delaware Corporation with its corporate headquarters in High Point, North Carolina. Defendant has an office in San Francisco, California, where Plaintiff has worked, and continues to work. Defendant provides supply chain services to domestic and international businesses. Defendant is authorized to, and does, conduct business in the State of California. At all relevant times, Defendant met the definition of "employer" under all applicable statutes, laws and regulations.

4. At all times mentioned herein, Defendant was acting in an individual, corporate, affiliate, employer, employee, supervisor, agency, associate aider and abettor and/or alter ego of each remaining Defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.

5. Does 1 through 20 are individuals not yet known to the Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court because Defendants named herein conduct business in the State of California. Jurisdiction is conferred on this Court as to all causes of action because they

Exhibit D Page 24

arise under state statutory or common law.  Jurisdiction is proper because alleged damages exceed $25,000.

7. Venue in this Court is proper because Plaintiff performed work, and earned commissions, while he worked for Defendants in San Francisco, California in San Francisco County.

**GENERAL ALLEGATIONS**

8. Plaintiff has been continuously employed by a series of national and international corporations that have either been purchased or reorganized into what is now known as XPO.

9. Plaintiff has been continuously employed by XPO or its predecessors, parent, affiliate or subsidiary, since he became an employee of Defendant on or about May, 1988.

10. From January, 2005 to August, 2012, Plaintiff held the title of Senior Director of Business Development for XPO Logistics, Inc.  From August, 2012 to the present, Plaintiff has held the title of Director of Business Development for XPO.  Plaintiff has been employed by XPO at its facility in San Francisco, California, in the County of San Francisco.

11. Plaintiff's employment was not interrupted by XPO's acquisition of Menlo Logistics.

12. At all relevant times, Plaintiff was eligible to receive commission payments under the applicable commission plans and XPO's company policies.

13. Plaintiff fulfilled all relevant steps to earn commissions under the applicable plans for the 2011 Google Renewal Contract, 2011 Comcast Renewal Contract, 2013 Amazon Win and 2014 Amazon Win Expansion, and 2014 Google Renewal Contract. Plaintiff was entitled to receive commissions under the applicable plans for all these deals.

14. Plaintiff did not receive any of the commissions that were due to him for the 2013 Amazon Win and 2014 Amazon Win Expansion. Plaintiff only received partial payments for the 2011 Google Renewal and 2011 Comcast Contract; XPO began to make the two years of commission payments due on these deals to Plaintiff, but stopped them in 2012 with 12 to 18 months of commission payments still due.  Plaintiff received partial payment for the 2014 Google Renewal Contract; his payment was reduced to a flat fee, was delayed by a year, and was spread over two years.

Exhibit __D__ Page 25

**FIRST CAUSE OF ACTION**

**Failure to Pay Commission Wages in Violation of California Labor Code §§ 200 *et seq.***

**(Against All Defendants)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

16. At all times relevant to this complaint and during Plaintiff's tenure of employment with Defendant, a portion of Plaintiff's total compensation as an employee of Defendant included commissions earned by securing temporary, long term and renewal contracts for the use of Defendant's facilities and services with other domestic and international corporations.

17. Plaintiff and Defendant agreed that, in addition to a set monthly salary, Plaintiff would earn a commission on sales. The Plaintiff and Defendant have executed multiple commission plans, pursuant to which Plaintiff has earned commissions.  This commission plans entitled Plaintiff to a four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and a two percent (2%) commission of operating income for two (2) years following existing business being re-won.  A true and correct copy of the 2005 commission plan is attached as Exhibit A to this complaint and is incorporated herein by reference. [2005 plan]

18. Plaintiff performed all of the duties and obligations required of him by Defendant during his employment, including those duties and obligations that would entitle Plaintiff to receive commissions under the applicable commission plans.

19. Defendants, and each of them, have knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions he properly earned during his employment with Defendants.

20. Pursuant to California Labor Code §§ 200 *et seq.*, Plaintiff is entitled to recover his unpaid commissions and penalties, all in an amount to be proven at trial.  Plaintiff is also entitled to the unpaid 7% of the commissions he is due as additional contributions to his 401k plan.

Exhibit  D  Page 26

21.  Pursuant to Labor Code § 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

22.  Pursuant to California Labor Code § 218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date the wages were due and payable.

### SECOND CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements in**

**Violation of California Labor Code §§ 226 *et seq.***

**(Against All Defendants)**

23.  Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

24.  Defendants, and each of them, were, at all times relevant to this complaint, obligated under California Labor Code §226 and California Industrial Welfare Commission Order 7-2001, to keep an accurate record of Plaintiff's payroll and wage details and history.

25.  Pursuant to California Law, Defendants, and each of them, were further required to provide Plaintiff with itemized written payroll statements that are required to include, among other things and without limitation, all sales obtained by Plaintiff, Plaintiff's total commissions, the total hours worked by Plaintiff, all of the deductions made from Plaintiff's compensation, gross and net wages earned by Plaintiff, the inclusive dates of the period for which Plaintiff was paid and the last four digits of Plaintiff's social security number.

26.  Defendants, and each of them, failed to keep precise and complete payroll records for Plaintiff, have failed to properly itemize the commissions earned by Plaintiff, determine Plaintiff's gross and net wages, and have further failed to provide accurate wage statements with each payment of wages to Plaintiff, as required by law.

27.  Defendants' failure to provide Plaintiff with accurate wage statements was knowing and intentional.

28.  As a result of Defendants' conduct, Plaintiff has suffered injury in that, among other things, the

Exhibit D Page 27

lack of accurate wage statements, including income and expense statements, has hindered him from determining the correct amount of wages owed to him. The absence of accurate wage statements has caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff's entitlement to social security benefits, as well as employer contributions to social security benefits, FICA, and FUTA, is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and Plaintiff is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff has suffered injury in that his legal right to receive accurate wage statements was violated.

29. Pursuant to California Labor Code § 226, Plaintiff is entitled to a penalty of $100.00 for the first violation and $50.00 per pay period for each subsequent violation of this section, according to proof and up to a maximum of $4,000.00.

30. Plaintiff is entitled to recover the full amount due under California Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION

**Unfair Business Practices in Violation of**

**California Business and Professions Code §§ 17200 *et. seq.***

**(Against All Defendants)**

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

32. Pursuant to California Business & Professions Code §§ 17200 *et seq.* and related statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

33. The court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200

Exhibit D  Page 28

*et. seq.*, specifically Business and Professions Code § 17203, which provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice that constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code § 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

34. Defendants, and each of them, have engaged in unfair business practices by consistently and knowingly committing the violations of California wage and hour law against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

35. Defendants, and each of them, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

36. Defendants, and each of them, should be ordered to restore to Plaintiff all of his unpaid commissions and unpaid 401k contributions as well as paying all wage statement violation penalties, costs, expenses and attorney's fees, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

38. During Plaintiff's employment with Defendants, Plaintiff and Defendants have entered into multiple commission plans and employment agreements whereby Plaintiff was to become

Exhibit D Page 29

employed with Defendants.

39. Plaintiff and Defendants agreed that Plaintiff's compensation while employed with Defendants would consist of a monthly fixed salary of $14,802 per month as well as a commission on sales made by Plaintiff. In the 2005 commission plan, it was agreed between Plaintiff and Defendants that this commission percentage would be four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and two percent (2%) of operating income for two (2) years following business that is re-won. As Senior Director of Business Development, Plaintiff was also entitled to 75% of the commissions of the staff who reported to him.

40. Plaintiff performed all of the duties and obligations required of him by Defendants during his employment, including those duties and obligations that would entitle Plaintiff to receive his commissions.

41. Defendants, and each of them, have knowingly and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions—including not paying commissions, paying partial commissions, paying less commissions than owed, and delaying commission payments—that Plaintiff properly earned during his employment with Defendants.

42. In violation of California law, Plaintiff was not paid certain commissions he earned.

43. Defendants, and each of them, have breached the agreement Defendants and Plaintiff entered into by not paying Plaintiff for all of the commissions Plaintiff earned and was rightfully entitled to during his employment with Defendants.

44. Plaintiff is entitled to recover all economic damages suffered in light of the Defendants' breach of contract, as well as all costs and other damages to be proven at trial.

## FIFTH CAUSE OF ACTION

### Promissory Estoppel

**(Against All Defendants)**

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

46. On or about August 12, 2005, in San Mateo, California in San Mateo County, and in San Francisco, California in San Francisco County, Defendants represented to Plaintiff that he would receive a four percent (4%) commission of operating income for two (2) years on all new projects for new clients and all new projects for existing clients for which he was responsible and a two percent (2%) commission of operating income for two (2) years for all new business that is re-won.

47. In so doing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' promise by continuing to work for Defendants as Senior Director of Business Development and Director of Business Development.

48. Plaintiff reasonably relied upon Defendants' representation and was reasonably induced to continue to work for Defendants as Senior Director of Business Development.

49. Defendants have not performed their representation to Plaintiff by failing to pay him the commissions owed to him.

50. As a proximate result of Defendants' failure to perform according to the representation that they made to Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

51. Injustice can only be avoided by completely enforcing Defendants' promise to Plaintiff.

## SIXTH CAUSE OF ACTION

### Wrongful Retaliation in Violation of Public Policy

**(Against all Defendants)**

52. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

53. From 2012 to the present, Plaintiff has voiced complaints to the Defendants that he has not been rightfully compensated pursuant to the commission plans that have been in place between him and the Defendants.  Namely, Plaintiff has informed Defendants that he has not received the

commissions owed to him under the plans in place between him and the Defendants.

54. In retaliation for Plaintiff's complaints, he has been denied promotional opportunities and has been taken off of projects where he could earn commissions. Plaintiff was also demoted in 2012 from Senior Director of Business Development to Director of Business Development. Plaintiff had his trained resource team reassigned, was denied merit and cost-of-living increases, bonuses, and has been taken off projects, and left out of training opportunities, all in retaliation for complaining about his unpaid earned commissions. Plaintiff also failed to receive the 75% of commissions of the staff who reported to him when he was demoted from Senior Director of Business Development to Director of Business Development.

55. Plaintiff has also requested compensation for commissions that he is owed, but has not received payment for them on the following 2016 projects: Anki, Aspen Medical, Emerson Network Power (Liebert), Kendo, and Project Arrow (Pandora/Google renewal). These commissions are being withheld from Plaintiff because of the complaints he has made regarding unpaid commissions.

56. Defendant have issued a commission plan that was set to go into effect in July, 2016, that would remove renewal contracts from commissions, such that Plaintiff will not receive compensation for work he has already performed on renewal contracts, including Project Arrow.

57. Defendants' actions have violated, and continue to violate, California public policy for retaliating against Plaintiff for engaging in a protected activity under California law, specifically the actions violated California's law against retaliation for reporting violations of state law, for failure to pay him wages owed to him, under California Labor Code § 1102.5(b).

58. As a result of Defendants' wrongful retaliation against Plaintiff for his legally protected actions, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steve Wood prays for judgment against Defendants, and others as of yet

unnamed Doe Defendants, as follows:

1. For damages, including restitution and statutory, compensatory, consequential, punitive and exemplary damages in an amount to be proved at trial and as permitted by law;

2. For prejudgment and post-judgment interest at the rate authorized by law;

3. For reasonable attorneys' fees pursuant to California Labor Code § 203 and where otherwise authorized by statute and/or contract;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.


Dated:       October 14, 2016

San Francisco, CA




Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-579-1584
Fax: 212-571-0505

*Attorneys for Plaintiff*

Exhibit 1   Page 33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On November 17, 2016, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:

**APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS**

SERVED UPON:

Robert W. Ottinger
The Ottinger Firm, P.C.
535 Mission Street
San Francisco, Ca 94105
Tel: 415-579-1584
Fax: 212-571-0505

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by **LS Attorney Services LLC** to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on November 17, 2016, at Costa Mesa, California.

_____
Kim Massure-Rayson