GABRIELLE M. WIRTH (SBN 106492)
wirth.gabrielle@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendants
XPO LOGISTICS SUPPLY CHAIN, INC.
Erroneously sued as XPO logistics, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOOD, an individual, | CASE NO: |
| Plaintiff, | [San Francisco Superior Court Case No: CGC 16-554876] |
| vs. | |
| XPO LOGISTICS, INC., a Delaware Corporation, and DOES 1 through 20, | **DECLARATION OF RICHARD VALITUTTO IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)** |
| Defendants. | **[28 U.S.C. §§ 1332 AND 1441(B)]** |
| | [Filed Concurrently With Notice of Removal of Action; Civil Case Cover Sheet; Appendix of State Court Pleadings; Certificate of Interested Parties] |
| | Complaint Filed: October 17, 2016 Trial Date: Not Set |

/ / /

/ / /

/ / /

## DECLARATION OF RICHARD VALITUTTO

I, Richard EF Valitutto declare:

1.      I am the Senior Vice President and General Counsel of XPO Logistics Supply Chain, Inc. which was the employer of the Plaintiff and the entity formerly known as Menlo Logistics, Inc. alleged to be Plaintiff's employer at paragraph 11 ("Defendant") in this action.  I submit this declaration in support of Defendants' Notice of Removal.  I have personal knowledge of the following and could competently testify thereto if called upon to do so.

2.      Service of process of the Summons and Complaint ("Complaint") was effectuated on Defendants' agent for service, CSC - Lawyers Incorporating Service, on October 18, 2016.  True and correct copies of the same attached hereto as **Exhibit A**. The Company was missing the Exhibit A referenced in paragraph 17 of the Complaint,

3.      Defendants are not aware that any Doe Defendants have been served with a copy of the Summons and Complaint or that they have been named as parties to the State Court Action.

4.      XPO Logistics Inc. ("XPO") is not the proper party in that it is not the entity formerly known as Menlo Logistics, Inc. ("Menlo").  XPO is a Delaware Corporation with a principal place of business in Greenwich, Connecticut.  On September 2, 2014 XPO established a logistics subsidiary through the acquisition of New Breed Logistics which changed its name to XPO Logistics Supply Chain, Inc. XPO Logistics Worldwide, Inc. is a Delaware corporation and XPO Logistics Supply Chain, Inc. is a North Carolina corporation with a principal place of business of 4055 Piedmont Parkway, High Point, North Caroline 27265.  The offices of XPO Logistics Worldwide and XPO Logistics Supply Chain, Inc. are in the same location, which is also the location of my office.  XPO Logistics Supply Chain, Inc. operates what was XPO Logistics Worldwide including the entity formerly known as Menlo out of the

1   North Carolina location.  On October 30, 2015 XPO completed its acquisition of

2   Conway, the parent company of Menlo, through the merger of Canada Merger Corp

3   with and into Conway and Conway became a wholly owned subsidiary of XPO.

4   Attached as **Exhibit B** are excerpts from the tender offer statement confirming this fact

5   filed with the Securities and Exchange Commission.  Conway's subsidiary and

6   Plaintiff's employers, Menlo Logistics, Inc., changed its name to XPO Logistics

7   Worldwide Inc., a true and correct copy of which is attached as **Exhibit C.**  XPO

8   Logistics Worldwide, Inc. fka Menlo Logistics, Inc. is operated by and is an affiliate

9   company of XPO Logistics Supply Chain, Inc.

10      5.    Plaintiff had engaged in settlement discussions prior to filing this lawsuit.

11  His last demand to me through our outside counsel, David Wright with Robinson

12  Bradshaw firm, was in excess of $900,000.

13

14      6.    No other previous Notice of Removal has been filed in or made to this

15  Court for the relief sought herein.

16      I declare under penalty of perjury under the laws of the United States that the

17  foregoing is true and correct.  Executed this 16th day of November, 2016, in High Point,

18  North Carolina.

19

20                              RICHARD EF VALITUTTO

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD VALITUTTO IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XPO Logistics, Inc., INC., a Delaware Corporation, and Does 1 through 20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steve Wood, an individual

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Civic Center Courthouse

400 McAllister Street
San Francisco, CA 94102

</td><td>

CASE NUMBER:
*(Número del Caso):*
CGC 16-554876

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Ottinger Law Firm, 535 Mission Street, San Francisco, CA 94105, (415) 200-3704

DATE: 10/17/2016          OCT 17 2016    CLERK OF THE COURT   Clerk, by  DE LA VEGA-NAVARRO, Rossoy              , Deputy
*(Fecha)*          *(Secretario)*                                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* XPO Logistics, Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

BY FAX

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A Page 4

1  Robert W. Ottinger (SBN 156825)
   THE OTTINGER FIRM, P.C.
2  535 Mission Street
   San Francisco, CA 94105
3  robert@ottingerlaw.com
   Tel: 415-579-1584
4  Fax: 212-571-0505
5
   *Attorneys for Plaintiff, Steve Wood*
6

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 17 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

DE LA VEGA-NAVARRO, Rossaly

7
8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF SAN FRANCISCO
10                    UNLIMITED JURISDICTION
11
                                    Case Number: CGC 16-554876
12
                                    **COMPLAINT FOR:**
13
   STEVE WOOD, an individual;         1.  FAILURE TO PAY COMMISSION
14                                         WAGES;
           Plaintiff,                 2.  FAILURE TO PROVIDE ACCURATE
15                                         WAGE STATEMENTS;
              vs.                      3.  UNFAIR BUSINESS PRACTICES;
16                                     4.  BREACH OF CONTRACT;
   XPO LOGISTICS, INC., a Delaware Corporation,  5.  PROMISSORY ESTOPPEL; AND
17 and DOES 1 through 20,             6.  WRONGFUL RETALIATION IN
                                          VIOLATION OF PUBLIC POLICY
18         Defendants.
                                    **JURY TRIAL DEMANDED**
19
20
21
22
23
24
25
26                                          BY FAX
27
28
                                    1
                               COMPLAINT

Exhibit A Page 5

Plaintiff Steve Wood ("Mr. Wood" or "Plaintiff"), for its Complaint against Defendants XPO Logistics, Inc., f/k/a Menlo Logistics, Inc. (herein "Defendant" or "XPO"), and Does 1 through 20, alleges as follows:

## INTRODUCTION

1. Plaintiff is a salesperson who brings this action to collect his unpaid earned commissions under Defendant's commission plans.

## PARTIES

2. Plaintiff is an individual who resides in California.  He is currently employed by Defendant as a commissioned salesperson. At all relevant times, Plaintiff met the definition of an "employee" and a "commission salesperson" under all applicable statutes, laws and regulations.

3. Defendant XPO is a Delaware Corporation with its corporate headquarters in High Point, North Carolina.  Defendant has an office in San Francisco, California, where Plaintiff has worked, and continues to work.  Defendant provides supply chain services to domestic and international businesses.  Defendant is authorized to, and does, conduct business in the State of California.  At all relevant times, Defendant met the definition of "employer" under all applicable statutes, laws and regulations.

4. At all times mentioned herein, Defendant was acting in an individual, corporate, affiliate, employer, employee, supervisor, agency, associate aider and abettor and/or alter ego of each remaining Defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.

5. Does 1 through 20 are individuals not yet known to the Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court because Defendants named herein conduct business in the State of California.  Jurisdiction is conferred on this Court as to all causes of action because they

arise under state statutory or common law. Jurisdiction is proper because alleged damages exceed $25,000.

7. Venue in this Court is proper because Plaintiff performed work, and earned commissions, while he worked for Defendants in San Francisco, California in San Francisco County.

## GENERAL ALLEGATIONS

8. Plaintiff has been continuously employed by a series of national and international corporations that have either been purchased or reorganized into what is now known as XPO.

9. Plaintiff has been continuously employed by XPO or its predecessors, parent, affiliate or subsidiary, since he became an employee of Defendant on or about May, 1988.

10. From January, 2005 to August, 2012, Plaintiff held the title of Senior Director of Business Development for XPO Logistics, Inc. From August, 2012 to the present, Plaintiff has held the title of Director of Business Development for XPO. Plaintiff has been employed by XPO at its facility in San Francisco, California, in the County of San Francisco.

11. Plaintiff's employment was not interrupted by XPO's acquisition of Menlo Logistics.

12. At all relevant times, Plaintiff was eligible to receive commission payments under the applicable commission plans and XPO's company policies.

13. Plaintiff fulfilled all relevant steps to earn commissions under the applicable plans for the 2011 Google Renewal Contract, 2011 Comcast Renewal Contract, 2013 Amazon Win and 2014 Amazon Win Expansion, and 2014 Google Renewal Contract. Plaintiff was entitled to receive commissions under the applicable plans for all these deals.

14. Plaintiff did not receive any of the commissions that were due to him for the 2013 Amazon Win and 2014 Amazon Win Expansion. Plaintiff only received partial payments for the 2011 Google Renewal and 2011 Comcast Contract; XPO began to make the two years of commission payments due on these deals to Plaintiff, but stopped them in 2012 with 12 to 18 months of commission payments still due. Plaintiff received partial payment for the 2014 Google Renewal Contract; his payment was reduced to a flat fee, was delayed by a year, and was spread over two years.

3
COMPLAINT

**FIRST CAUSE OF ACTION**

**Failure to Pay Commission Wages in Violation of California Labor Code §§ 200 *et seq.***

**(Against All Defendants)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

16. At all times relevant to this complaint and during Plaintiff's tenure of employment with Defendant, a portion of Plaintiff's total compensation as an employee of Defendant included commissions earned by securing temporary, long term and renewal contracts for the use of Defendant's facilities and services with other domestic and international corporations.

17. Plaintiff and Defendant agreed that, in addition to a set monthly salary, Plaintiff would earn a commission on sales. The Plaintiff and Defendant have executed multiple commission plans, pursuant to which Plaintiff has earned commissions.  This commission plans entitled Plaintiff to a four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and a two percent (2%) commission of operating income for two (2) years following existing business being re-won.  A true and correct copy of the 2005 commission plan is attached as Exhibit A to this complaint and is incorporated herein by reference. [2005 plan]

18. Plaintiff performed all of the duties and obligations required of him by Defendant during his employment, including those duties and obligations that would entitle Plaintiff to receive commissions under the applicable commission plans.

19. Defendants, and each of them, have knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions he properly earned during his employment with Defendants.

20. Pursuant to California Labor Code §§ 200 *et seq.*, Plaintiff is entitled to recover his unpaid commissions and penalties, all in an amount to be proven at trial.  Plaintiff is also entitled to the unpaid 7% of the commissions he is due as additional contributions to his 401k plan.

Exhibit _A_ Page _8_

21. Pursuant to Labor Code § 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

22. Pursuant to California Labor Code § 218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date the wages were due and payable.

**SECOND CAUSE OF ACTION**

**Failure to Provide Accurate Wage Statements in**

**Violation of California Labor Code §§ 226 *et seq.***

**(Against All Defendants)**

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

24. Defendants, and each of them, were, at all times relevant to this complaint, obligated under California Labor Code §226 and California Industrial Welfare Commission Order 7-2001, to keep an accurate record of Plaintiff's payroll and wage details and history.

25. Pursuant to California Law, Defendants, and each of them, were further required to provide Plaintiff with itemized written payroll statements that are required to include, among other things and without limitation, all sales obtained by Plaintiff, Plaintiff's total commissions, the total hours worked by Plaintiff, all of the deductions made from Plaintiff's compensation, gross and net wages earned by Plaintiff, the inclusive dates of the period for which Plaintiff was paid and the last four digits of Plaintiff's social security number.

26. Defendants, and each of them, failed to keep precise and complete payroll records for Plaintiff, have failed to properly itemize the commissions earned by Plaintiff, determine Plaintiff's gross and net wages, and have further failed to provide accurate wage statements with each payment of wages to Plaintiff, as required by law.

27. Defendants' failure to provide Plaintiff with accurate wage statements was knowing and intentional.

28. As a result of Defendants' conduct, Plaintiff has suffered injury in that, among other things, the

5

COMPLAINT

lack of accurate wage statements, including income and expense statements, has hindered him from determining the correct amount of wages owed to him. The absence of accurate wage statements has caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff's entitlement to social security benefits, as well as employer contributions to social security benefits, FICA, and FUTA, is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and Plaintiff is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff has suffered injury in that his legal right to receive accurate wage statements was violated.

29. Pursuant to California Labor Code § 226, Plaintiff is entitled to a penalty of $100.00 for the first violation and $50.00 per pay period for each subsequent violation of this section, according to proof and up to a maximum of $4,000.00.

30. Plaintiff is entitled to recover the full amount due under California Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION

**Unfair Business Practices in Violation of**

**California Business and Professions Code §§ 17200 *et. seq.***

**(Against All Defendants)**

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

32. Pursuant to California Business & Professions Code §§ 17200 *et seq.* and related statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

33. The court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200

Exhibit A Page 10

*et. seq.*, specifically Business and Professions Code § 17203, which provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice that constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code § 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

34. Defendants, and each of them, have engaged in unfair business practices by consistently and knowingly committing the violations of California wage and hour law against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

35. Defendants, and each of them, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

36. Defendants, and each of them, should be ordered to restore to Plaintiff all of his unpaid commissions and unpaid 401k contributions as well as paying all wage statement violation penalties, costs, expenses and attorney's fees, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

38. During Plaintiff's employment with Defendants, Plaintiff and Defendants have entered into multiple commission plans and employment agreements whereby Plaintiff was to become

Exhibit A Page 11

employed with Defendants.

39. Plaintiff and Defendants agreed that Plaintiff's compensation while employed with Defendants would consist of a monthly fixed salary of $14,802 per month as well as a commission on sales made by Plaintiff. In the 2005 commission plan, it was agreed between Plaintiff and Defendants that this commission percentage would be four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and two percent (2%) of operating income for two (2) years following business that is re-won.  As Senior Director of Business Development, Plaintiff was also entitled to 75% of the commissions of the staff who reported to him.

40. Plaintiff performed all of the duties and obligations required of him by Defendants during his employment, including those duties and obligations that would entitle Plaintiff to receive his commissions.

41. Defendants, and each of them, have knowingly and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions—including not paying commissions, paying partial commissions, paying less commissions than owed, and delaying commission payments— that Plaintiff properly earned during his employment with Defendants.

42. In violation of California law, Plaintiff was not paid certain commissions he earned.

43. Defendants, and each of them, have breached the agreement Defendants and Plaintiff entered into by not paying Plaintiff for all of the commissions Plaintiff earned and was rightfully entitled to during his employment with Defendants.

44. Plaintiff is entitled to recover all economic damages suffered in light of the Defendants' breach of contract, as well as all costs and other damages to be proven at trial.

## FIFTH CAUSE OF ACTION

### Promissory Estoppel

8

**(Against All Defendants)**

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

46. On or about August 12, 2005, in San Mateo, California in San Mateo County, and in San Francisco, California in San Francisco County, Defendants represented to Plaintiff that he would receive a four percent (4%) commission of operating income for two (2) years on all new projects for new clients and all new projects for existing clients for which he was responsible and a two percent (2%) commission of operating income for two (2) years for all new business that is re-won.

47. In so doing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' promise by continuing to work for Defendants as Senior Director of Business Development and Director of Business Development.

48. Plaintiff reasonably relied upon Defendants' representation and was reasonably induced to continue to work for Defendants as Senior Director of Business Development.

49. Defendants have not performed their representation to Plaintiff by failing to pay him the commissions owed to him.

50. As a proximate result of Defendants' failure to perform according to the representation that they made to Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

51. Injustice can only be avoided by completely enforcing Defendants' promise to Plaintiff.

## SIXTH CAUSE OF ACTION

**Wrongful Retaliation in Violation of Public Policy**

**(Against all Defendants)**

52. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

53. From 2012 to the present, Plaintiff has voiced complaints to the Defendants that he has not been rightfully compensated pursuant to the commission plans that have been in place between him and the Defendants.  Namely, Plaintiff has informed Defendants that he has not received the

9

Exhibit A Page 13

commissions owed to him under the plans in place between him and the Defendants.

54. In retaliation for Plaintiff's complaints, he has been denied promotional opportunities and has been taken off of projects where he could earn commissions.  Plaintiff was also demoted in 2012 from Senior Director of Business Development to Director of Business Development.  Plaintiff had his trained resource team reassigned, was denied merit and cost-of-living increases, bonuses, and has been taken off projects, and left out of training opportunities, all in retaliation for complaining about his unpaid earned commissions.  Plaintiff also failed to receive the 75% of commissions of the staff who reported to him when he was demoted from Senior Director of Business Development to Director of Business Development.

55. Plaintiff has also requested compensation for commissions that he is owed, but has not received payment for them on the following 2016 projects: Anki, Aspen Medical, Emerson Network Power (Liebert), Kendo, and Project Arrow (Pandora/Google renewal).  These commissions are being withheld from Plaintiff because of the complaints he has made regarding unpaid commissions.

56. Defendant have issued a commission plan that was set to go into effect in July, 2016, that would remove renewal contracts from commissions, such that Plaintiff will not receive compensation for work he has already performed on renewal contracts, including Project Arrow.

57. Defendants' actions have violated, and continue to violate, California public policy for retaliating against Plaintiff for engaging in a protected activity under California law, specifically the actions violated California's law against retaliation for reporting violations of state law, for failure to pay him wages owed to him, under California Labor Code § 1102.5(b).

58. As a result of Defendants' wrongful retaliation against Plaintiff for his legally protected actions, Plaintiff has been damaged in an amount to be proven at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve Wood prays for judgment against Defendants, and others as of yet

Exhibit _A_ Page 14

unnamed Doe Defendants, as follows:

1.  For damages, including restitution and statutory, compensatory, consequential, punitive and exemplary damages in an amount to be proved at trial and as permitted by law;

2.  For prejudgment and post-judgment interest at the rate authorized by law;

3.  For reasonable attorneys' fees pursuant to California Labor Code § 203 and where otherwise authorized by statute and/or contract;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as this Court deems just and proper.

Dated:      October 14, 2016

            San Francisco, CA

Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-579-1584
Fax: 212-571-0505

*Attorneys for Plaintiff*

Exhibit _A_ Page 15

# EXHIBIT B

# XPO**Logistics**

Print Page | Close Window

# SC TO-T/A

XPO LOGISTICS, INC. filed this Form SC TO-T/A on 10/30/2015

Entire Document

## UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

---

## SCHEDULE TO
### (RULE 14d–100)

### Tender Offer Statement Pursuant to Section 14(d)(1) or 13(e)(1)
### of the Securities Exchange Act of 1934
### (Amendment No. 6)

---

## CON-WAY INC.
### (Name of Subject Company)

## CANADA MERGER CORP.
### (Offeror)

## XPO LOGISTICS, INC.

Exhibit B Page 17

** The filing fee was calculated in accordance with Rule 0-11 under the Securities Exchange Act of 1934, as amended, and Fee Rate Advisory No. 1 for Fiscal Year 2015, issued August 29, 2014, by multiplying the Transaction Valuation by 0.0001162.

☒ Check the box if any part of the fee is offset as provided by Rule 0-11(a)(2) and identify the filing with which the offsetting fee was previously paid. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

| Amount Previously Paid:  $321,360.38 | Filing Party: XPO Logistics, Inc. and Canada Merger Corp. |
|---|---|
| Form or Registration No.: Schedule TO (File No. 005-14440) | Date Filed: September 15, 2015 |

☐ Check the box if the filing relates solely to preliminary communications made before the commencement of a tender offer.

Check the appropriate boxes below to designate any transactions to which the statement relates:

☒ Third-party tender offer subject to Rule 14d-1.

☐ Issuer tender offer subject to Rule 13e-4.

☐ Going-private transaction subject to Rule 13e-3.

☐ Amendment to Schedule 13D under Rule 13d-2.

Check the following box if the filing is a final amendment reporting the results of the tender offer.  ☒

Exhibit B Page 18

This Amendment No. 6 (this "Amendment") amends and supplements the Tender Offer Statement on Schedule TO filed with the U.S. Securities and Exchange Commission on September 15, 2015 (together with any subsequent amendments and supplements thereto, the "Schedule TO"). The Schedule TO relates to the tender offer by Canada Merger Corp., a Delaware corporation ("Purchaser") and a wholly owned subsidiary of XPO Logistics, Inc., a Delaware corporation ("XPO" or "Parent"), for all of the outstanding shares of common stock, par value $0.625 per share ("Shares"), of Con-way Inc., a Delaware corporation ("Con-way"), at a price of $47.60 per share, net to the seller in cash, without interest thereon and less any applicable withholding taxes, upon the terms and conditions set forth in the offer to purchase dated September 15, 2015 (the "Offer to Purchase"), a copy of which is attached as Exhibit (a)(1)(A), and in the related letter of transmittal (the "Letter of Transmittal"), a copy of which is attached as Exhibit (a)(1)(B), which, as each may be amended or supplemented from time to time, collectively constitute the "Offer."

All the information set forth in the Offer to Purchase, including Schedule I thereto, is incorporated by reference herein in response to Items 1 through 9 and Item 11 of this Schedule TO, and is supplemented by the information specifically provided in this Schedule TO.

This Amendment is being filed to amend and supplement Items 1 through 9, 11 and 12 as reflected below.

**Items 1 through 9; Item 11.**

Items 1 through 9 and 11 of the Schedule TO are hereby amended and supplemented as follows:

The Offer and withdrawal rights expired immediately after 12:01 a.m, New York City time, on October 30, 2015. The Depositary for the Offer has indicated that a total of 46,150,072 Shares were validly tendered and not properly withdrawn pursuant to the Offer as of the Expiration Date, representing approximately 81.1% of the outstanding Shares. In addition, Notices of Guaranteed Delivery have been delivered for 1,793,225 Shares, representing approximately 3.2% of the outstanding Shares. The number of Shares tendered (excluding Shares delivered pursuant to Notices of Guaranteed Delivery for which certificates were not yet delivered) satisfies the Minimum Condition, and all Shares that were validly tendered and not withdrawn pursuant to the Offer have been accepted for payment.

On October 30, 2015, Parent completed its acquisition of Con-way pursuant to the terms of the Merger Agreement. Purchaser merged with and into Con-way in accordance with Section 251(h) of the DGCL, with Con-way continuing as the surviving corporation as a wholly owned subsidiary of Parent. Pursuant to the Merger Agreement, at the Effective Time, each Share issued and outstanding immediately prior to the Effective Time was converted into the right to receive the Offer Price (which is the same amount per Share that will be paid in the Offer) other than Shares owned by (i) Con-way, Parent or Purchaser, which Shares have been canceled and cease to exist, (ii) any subsidiary of Con-way or Parent (other than Purchaser), which Shares have been converted into shares of common stock of the Surviving Corporation, or (iii) stockholders who validly exercise appraisal rights under Delaware law with respect to such Shares.

A copy of the press release issued by Parent announcing the completion of the acquisition on October 30, 2015 is included as an exhibit hereto.

## Item 12.   *Exhibits.*

Item 12 of the Schedule TO is hereby amended and supplemented as follows:

(a)(5)(D) Press Release issued by XPO Logistics, Inc. on October 30, 2015.

# EXHIBIT C

Exhibit _C_ Page 21

SOSID: 0330209
Date Filed: 11/10/2015 8:46:00 AM
Elaine F. Marshall
North Carolina Secretary of State
**C2015 313 01178**

State of North Carolina
Department of the Secretary of State
**APPLICATION FOR AMENDED CERTIFICATE OF AUTHORITY**

Pursuant to §55-15-04 of the General Statutes of North Carolina, the undersigned corporation hereby applies for an Amended Certificate of Authority to transact business in the State of North Carolina and for that purpose submits the following statement.

1.  The name of the corporation
    is:  Menlo Logistics, Inc.

2.  The name the corporation is currently using in the State of North Carolina is:

    Menlo Logistics, Inc.

3.  The state or country of incorporation is:  Delaware

4.  The date the corporation was authorized to transact business in the State of North Carolina is:

    9/1/1993

5.  This application is filed for the following reason (*complete all applicable items*):
    a.    The corporation has changed its corporate name to:*

    XPO Logistics Worldwide, Inc.
    b.    The name the corporation will hereafter use in the State of North Carolina is changed to:

    XPO Logistics Worldwide, Inc.

    c.    The corporation has changed its period of duration to:

    d.    The corporation has changed the state or country of its incorporation to:

6.  Attached is a certificate attesting to the change, duly authenticated by the secretary of state or other official having custody of corporate records in the state of country of incorporation.

7.  If the corporation is required to use a fictitious name in order to transact business in this State, a copy of the resolution of its board of directors, certified by its secretary, adopting the fictitious name is attached.

8.  This application will be effective upon filing, unless a date and/or time is specified:

This the 4th day of November, 2015

Menlo Logistics, Inc.
Name of Corporation

*Uzma Ahmad* (signature)
Signature

Uzma Ahmad, Assistant Secretary
Type or Print Name and Title

NOTES:
1.    Filing fee is $50. One executed original and one exact or conformed copy of this application must be filed with the Secretary of State.
2.    * If the name of the corporation as changed is unavailable for use in North Carolina, indicate this fact and state the name the corporation wishes to use in North Carolina on 5b. (See NCGS §55-15-06).

CORPORATIONS DIVISION            P. O. BOX 29622            RALEIGH, NC 27626-0622

Exhibit _C_ Page 22

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "MENLO LOGISTICS,
INC.", CHANGING ITS NAME FROM "MENLO LOGISTICS, INC." TO "XPO
LOGISTICS WORLDWIDE, INC.", FILED IN THIS OFFICE ON THE
THIRTIETH DAY OF OCTOBER, A.D. 2015, AT 6:06 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

2244928  8100
SR# 20150810827

Authentication: 10377531
Date: 11-06-15

You may verify this certificate online at corp.delaware.gov/authver.shtml

Exhibit __C__ Page 23

# STATE OF DELAWARE
## CERTIFICATE OF AMENDMENT
## OF CERTIFICATE OF INCORPORATION

The corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware does hereby certify:

FIRST:  That at a meeting of the Board of Directors of Menlo Logistics, Inc.

resolutions were duly adopted setting forth a proposed amendment of the Certificate of Incorporation of said corporation, declaring said amendment to be advisable and calling a meeting of the stockholders of said corporation for consideration thereof. The resolution setting forth the proposed amendment is as follows:

RESOLVED, that the Certificate of Incorporation of this corporation be amended by changing the Article thereof numbered " First                        " so that, as amended, said Article shall be and read as follows:

The name of this Corporation is XPO Logistics Worldwide, Inc.

SECOND:  That thereafter, pursuant to resolution of its Board of Directors, a special meeting of the stockholders of said corporation was duly called and held upon notice in accordance with Section 222 of the General Corporation Law of the State of Delaware at which meeting the necessary number of shares as required by statute were voted in favor of the amendment.

THIRD:  That said amendment was duly adopted in accordance with the provisions of Section 242 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, said corporation has caused this certificate to be signed this   30 th   day of   October   , 20 15 .

By:  _____
Authorized Officer

Title: Assistant Secretary

Name:  Uzma Ahmad
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered  06:06 PM 10/30/2015
FILED  06:06 PM 10/30/2015
SR 20150720725 - File Number  2244928

Exhibit  C  Page 24

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On November 17, 2016, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**     **DECLARATION OF RICHARD VALITUTTO IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**

**SERVED UPON:**     Robert W. Ottinger
The Ottinger Firm, P.C.
535 Mission Street
San Francisco, Ca 94105
Tel: 415-579-1584
Fax: 212-571-0505

☐   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐   (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by LS Attorney Services LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒   (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐   (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

    Executed on November 17, 2016, at Costa Mesa, California.

_____
Kim Massure-Rayson