1
2
3
4

Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-579-1584
Fax: 212-571-0505

5

*Attorneys for Plaintiff, Steve Wood*

6

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

11

12

STEVE WOOD, an individual;

13

Plaintiff,

14

vs.

15

XPO LOGISTICS SUPPLY CHAIN, INC., a North
Carolina Corporation, and DOES 1 through 20,

16

Defendants.

17

18

19

Case Number: 3:16-cv-06681

**FIRST AMENDED COMPLAINT FOR:**

1. FAILURE TO PAY COMMISSION
   WAGES;
2. FAILURE TO PROVIDE ACCURATE
   WAGE STATEMENTS;
3. UNFAIR BUSINESS PRACTICES;
4. BREACH OF CONTRACT;
5. PROMISSORY ESTOPPEL;
6. WRONGFUL RETALIATION IN
   VIOLATION OF PUBLIC POLICY;
7. WRONGFUL TERMINATION IN
   VIOLATION OF PUBLIC POLICY

**JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

Plaintiff Steve Wood ("Mr. Wood" or "Plaintiff"), for its Complaint against Defendants XPO Logistics Supply Chain, Inc., f/k/a Menlo Logistics, Inc. (herein "Defendant" or "XPO"), and Does 1 through 20, alleges as follows:

## INTRODUCTION

1. Plaintiff was a commissioned salesperson who generated millions of dollars in yearly revenue for Defendant. Plaintiff secured temporary and long term agreements from Companies seeking to use Defendant's facilities and services. Plaintiff worked under several of the Defendant's commission plans during the relevant period of time (from 2011 to November 15, 2016). Mr. Wood brings this action to collect his unpaid earned commissions under the assorted plans.

## PARTIES

2. Plaintiff is an individual who resides in California. At the all relevant times, he was employed by Defendant as a commissioned salesperson. At all relevant times, Plaintiff met the definition of an "employee" and a "commission salesperson" under all applicable statutes, laws and regulations.

3. Defendant XPO is a North Carolina corporation with its corporate headquarters in High Point, North Carolina. Defendant has an office in San Francisco, California, where Plaintiff worked for Defendant. Defendant provides supply chain services to domestic and international businesses. Defendant is authorized to, and does, conduct business in the State of California. At all relevant times, Defendant met the definition of "employer" under all applicable statutes, laws and regulations.

4. At all times mentioned herein, each Defendant was acting in an individual, corporate, affiliate, employer, employee, supervisor, agency, associate aider and abettor and/or alter ego of each remaining Defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.

5. Does 1 through 20 are individuals not yet known to the Plaintiff.

## **GENERAL ALLEGATIONS**

6. Until he was terminated on November 15, 2016, Plaintiff was continuously employed by a series of national and international corporations that have either been purchased or restricted into what is now known as XPO.

7. Plaintiff had been continuously employed by XPO or its predecessors, parent, affiliate or subsidiary, since he became an employee of Defendant on or about May, 1988.

8. From January, 2005 to August, 2012, Plaintiff held the title of Senior Director of Business Development for XPO Logistics Supply Chain, Inc.  From August, 2012 to November 15, 2016, Plaintiff held the title of Director of Business Development for XPO.  Plaintiff was employed by XPO at its facility in San Francisco, California, in the County of San Francisco.

9. Plaintiff's employment was not interrupted by XPO's acquisition of Menlo Logistics.

10. At all relevant times, Plaintiff was eligible to receive commission payments under any applicable commission plans and XPO's company policies.

11. Plaintiff fulfilled all relevant steps to earn commissions under the applicable plans for the 2011 Google Renewal Contract, 2011 Comcast Renewal Contract, 2013 Amazon Win and 2014 Amazon Win Expansion, and 2014 Google Renewal Contract. Plaintiff was entitled to receive commissions under the applicable plans for all these deals.

12. Plaintiff did not receive any of the commissions that were due to him for the 2013 Amazon Win and 2014 Amazon Win Expansion.  Plaintiff received partial payments for the 2011 Google Renewal and 2011 Comcast Contract, but XPO stopped making payments on the commissions in 2012 with 12 to 18 months of two years of commissions still due.  Plaintiff received partial payment for the 2014 Google Renewal Contract; his payment was reduced to a flat fee, was delayed by a year, and was spread over two years.

//
//
//
//

**FIRST CAUSE OF ACTION**

**Failure to Pay Commission Wages in Violation of California Labor Code §§ 200 *et seq.***

**(Against All Defendants)**

13. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

14. At all times relevant to this complaint and during Plaintiff's tenure of employment with Defendant, a portion of Plaintiff's total compensation as an employee of Defendant included commissions earned by securing temporary, long term and renewal contracts for the use of Defendant's facilities and services with other domestic and international corporations.

15. Plaintiff and Defendant agreed that, in addition to a set monthly salary, Plaintiff would earn a commission on sales. The Plaintiff and Defendant executed multiple commission plans, pursuant to which Plaintiff earned commissions.  The commission plans entitled Plaintiff to a four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and a two percent (2%) commission of operating income for two (2) years following existing business being re-won.

16. Plaintiff performed all of the duties and obligations required of him by Defendant during his employment, including those duties and obligations that would entitle Plaintiff to receive commissions under the applicable commission plans.

17. Defendants, and each of them, have knowingly, intentionally and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions he properly earned during his employment with Defendants.

18. Pursuant to California Labor Code §§ 200 *et seq.*, Plaintiff is entitled to recover his unpaid commissions and penalties, all in an amount to be proven at trial.  Plaintiff is also entitled to the unpaid 7% of the commissions he is due as additional contributions to his 401k plan.

19.  Pursuant to Labor Code § 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

20. Pursuant to California Labor Code § 218.6, Plaintiff requests that the court award Plaintiff

interest on all due and unpaid wages, at the legal rate specified by Civil Code **§** 3289(b), accruing from the date the wages were due and payable.

## SECOND CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements in

### Violation of California Labor Code §§ 226 *et seq.*

### (Against All Defendants)

21. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

22. Defendants, and each of them, were, at all times relevant to this complaint, obligated under California Labor Code §226 and California Industrial Welfare Commission Order 7-2001, to keep an accurate record of Plaintiff's payroll and wage details and history.

23. Pursuant to California Law, Defendants, and each of them, were further required to provide Plaintiff with itemized written payroll statements that was required to include, among other things and without limitation, all sales obtained by Plaintiff, Plaintiff's total commissions, the total hours worked by Plaintiff, all of the deductions made from Plaintiff's compensation, gross and net wages earned by Plaintiff, the inclusive dates of the period for which Plaintiff was paid and the last four digits of Plaintiff's social security number.

24. Defendants, and each of them, failed to keep precise and complete payroll records for Plaintiff, failed to properly itemize the commissions earned by Plaintiff, determine Plaintiff's gross and net wages, and further failed to provide accurate wage statements with each payment of wages to Plaintiff, as required by law.

25. Defendants' failure to provide Plaintiff with accurate wage statements was knowing and intentional.

26. As a result of Defendants' conduct, Plaintiff has suffered injury in that, among other things, the lack of accurate wage statements, including income and expense statements, has hindered him from determining the correct amount of wages owed to him. The absence of accurate wage statements has caused difficulty and expense in attempting to reconstruct time and pay records,

and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. Plaintiff's entitlement to social security benefits, as well as employer contributions to social security benefits, FICA, and FUTA, is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and Plaintiff is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. As a result of Defendants' conduct, Plaintiff has suffered injury in that his legal right to receive accurate wage statements was violated.

27. Pursuant to California Labor Code § 226, Plaintiff is entitled to a penalty of $100.00 for the first violation and $50.00 per pay period for each subsequent violation of this section, according to proof, and up to a maximum of $4,000.00.

28. Plaintiff is entitled to recover the full amount due under California Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION

**Unfair Business Practices in Violation of**

**California Business and Professions Code §§ 17200 *et. seq.***

**(Against All Defendants)**

29. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

30. Pursuant to California Business & Professions Code §§ 17200 *et seq.* and related statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

31. The court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200 *et. seq.*, specifically Business and Professions Code § 17203, which provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the

appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice that constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code § 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

32. Defendants, and each of them, have engaged in unfair business practices by consistently and knowingly committing the violations of California wage and hour law against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

33. Defendants, and each of them, by engaging in the unlawful, unfair, deceptive and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

34. Defendants, and each of them, should be ordered to restore to Plaintiff all of his unpaid commissions and unpaid 401k contributions as well as paying all wage statement violation penalties, costs, expenses and attorney's fees, in amounts to be proven at trial.

**FOURTH CAUSE OF ACTION**

**Breach of Contract**

**(Against All Defendants)**

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

36. During Plaintiff's employment with Defendants, Plaintiff and Defendants entered into multiple commission plans and employment agreements.

37. Plaintiff and Defendants agreed that Plaintiff's compensation while employed with Defendants would consist of a monthly fixed salary of $14,802 per month as well as a commission on sales made by Plaintiff. In the 2005 commission plan, it was agreed between Plaintiff and Defendants

that this commission percentage would be four percent (4%) commission of operating income for two (2) years following new projects awarded by new or existing customers and two percent (2%) of operating income for two (2) years following business that is re-won.  As Senior Director of Business Development, Plaintiff was also entitled to 75% of the commissions of the staff who reported to him.

38. Plaintiff performed all of the duties and obligations required of him by Defendants during his employment, including those duties and obligations that would entitle Plaintiff to receive his commissions.

39. Defendants, and each of them, have knowingly and willfully failed and refused to pay Plaintiff the full and complete amount of the commissions—including not paying commissions, paying partial commissions, paying less commissions than owed, and delaying commission payments— that Plaintiff properly earned during his employment with Defendants.

40. In violation of California law, Plaintiff was not paid certain commissions he earned.

41. Defendants, and each of them, have breached the agreement Defendants and Plaintiff entered into by not paying Plaintiff for all of the commissions Plaintiff earned and was rightfully entitled to during his employment with Defendants.

42. Plaintiff is entitled to recover all economic damages suffered in light of the Defendants' breach of contract, as well as all costs and other damages to be proven at trial.

## FIFTH CAUSE OF ACTION

### Promissory Estoppel

### (Against All Defendants)

43. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

44. On or about August 12, 2005, in San Mateo, California in San Mateo County, and in San Francisco, California in San Francisco County, Defendants represented to Plaintiff that he would receive a four percent (4%) commission of operating income for two (2) years on all new projects for new clients and all new projects for existing clients for which he was responsible and a two

percent (2%) commission of operating income for two (2) years for all new business that is re-won.

45. In so doing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' promise by continuing to work for Defendants as Senior Director of Business Development and Director of Business Development.

46. Plaintiff reasonably relied upon Defendants' representation and was reasonably induced to continue to work for Defendants as Senior Director of Business Development.

47. Defendants have not performed their representation to Plaintiff by failing to pay him the commissions owed to him.

48. As a proximate result of Defendants' failure to perform according to the representation that they made to Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

49. Injustice can only be avoided by completely enforcing Defendants' promise to Plaintiff.

## SIXTH CAUSE OF ACTION

### Wrongful Retaliation in Violation of Public Policy

### (Against all Defendants)

50. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

51. From 2012 to the date of his termination, November 15, 2016, Plaintiff voiced complaints to the Defendants that he was not rightfully compensated pursuant to the commission plans that were in place between him and the Defendants. Namely, Plaintiff informed Defendants that he did not receive the commissions owed to him under the plans in place between him and the Defendants.

52. In retaliation for Plaintiff's complaints, he was denied promotional opportunities and was taken off of projects where he could earn commissions. Plaintiff was also demoted in 2012 from Senior Director of Business Development to Director of Business Development. Plaintiff had his trained resource team reassigned, was denied merit and cost-of-living increases, bonuses, and was taken off projects, and left out of training opportunities, all in retaliation for complaining about his unpaid earned commissions. Plaintiff also failed to receive the 75% of commissions of the staff

who reported to him when he was demoted from Senior Director of Business Development to Director of Business Development.

53. Plaintiff also requested compensation for commissions that he is owed, but has not received payment for, on the following 2016 projects: Anki, Aspen Medical, Emerson Network Power (Liebert), Kendo, and Project Arrow (Pandora/Google renewal).  These commissions are being withheld from Plaintiff because of the complaints he has made regarding unpaid commissions.

54. In further retaliation, Defendants issued a commission plan that was set to go into effect in July 2016, that would have remove renewal contracts from commissions, such that Plaintiff would not have received compensation for work he has already performed on renewal contracts, including Project Arrow.

55. Defendants' actions violated California public policy since they retaliated against Plaintiff for engaging in a protected activity under California law.  Specifically, Defendants' actions violated California's law against retaliation for reporting violations of state law, under California Labor Code § 1102.5(b), by Defendants retaliating against Plaintiff for his complaints regarding Defendants' failure to pay him wages owed to him.

56. As a result of Defendants' wrongful retaliation against Plaintiff for his legally protected actions, Plaintiff has been damaged in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Against Defendant, XPO Logistics Supply Chain, Inc.)**

57. Plaintiff re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

58. On October 17, 2016, Plaintiff filed his initial complaint against Defendants in California state court in San Francisco, California, alleging the causes of action above, including Defendants' failure to pay Plaintiff his earned commissions.

59. On November 8, 2016, Plaintiff received a phone call from Defendant, XPO, in which XPO informed Plaintiff that he was being suspended from employment.

60. On November 15, 2016, Defendant, XPO, terminated Plaintiff from employment with Defendant.

61. Plaintiff was wrongfully terminated by Defendant, in violation of California public policy, because he engaged in protected activities, including reporting violations of state law for failure to pay him unpaid earned wages owed to him and filing suit against Defendant seeking payment of the unpaid earned wages and commissions to which he was entitled under California law.

62. Defendant's actions violated California public policy since they terminated Plaintiff for engaging in a protected activity under California law.  Specifically, Defendant's actions violated California's law against retaliation for reporting violations of state law, under California Labor Code § 1102.5(b), since Defendant terminated Plaintiff in retaliation for his complaints regarding Defendant's failure to pay him wages owed to him.

63. As a result of Defendant's wrongful termination of Plaintiff for his legally protected actions, Plaintiff has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steve Wood prays for judgment against Defendants, and others as of yet unnamed Doe Defendants, as follows:

1. For damages, including restitution and statutory, compensatory, consequential, punitive and exemplary damages in an amount to be proved at trial and as permitted by law;

2. Equitable relief in the form of an award and/or restitution to Plaintiff of the full value of his pension benefits that he would otherwise have received in an amount to be proved at trial and permitted by law;

3. For prejudgment and post-judgment interest at the rate authorized by law;

4. For reasonable attorneys' fees pursuant to California Labor Code § 203 and where otherwise authorized by statute and/or contract;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court deems just and proper.

//

Dated:      November 30, 2016

San Francisco, CA

Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-579-1584
Fax: 212-571-0505

*Attorneys for Plaintiff*