1  GABRIELLE M. WIRTH (SBN 106492)
   wirth.gabrielle@dorsey.com
2  ERICA HAGGERTY (SBN 312806)
   haggerty.erica@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626
   Telephone: (714) 800-1400
5  Facsimile: (714) 800-1499

6  Attorneys for Defendant
   XPO LOGISTICS SUPPLY CHAIN, INC.
7  Erroneously sued as XPO Logistics, Inc.

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOOD, an individual, | CASE NO: 4:16-CV-06681-JSW |
| Plaintiff, | [San Francisco Superior Court Case No: CGC 16-554876] |
| vs. | |
| XPO LOGISTICS, INC., a Delaware Corporation, and DOES 1 through 20, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| Defendants. | Complaint Filed: October 17, 2016<br>First Amended Complaint Filed: November 30, 2016<br>Second amended Complaint Filed: June 12, 2017<br>Trial Date: September 17, 2018 |
| XPO LOGISTICS SUPPLY CHAIN, INC.<br>Counterclaimant, | |
| vs. | |
| STEVE WOOD, an individual, and ROES 1 through 5, inclusive | |
| Counterclaim Defendants. | |

# PROTECTIVE ORDER

Plaintiff Steve Wood and Defendant XPO Logistics Supply Chain, Inc., through their respective counsel of record, hereby stipulate and agree, subject to the approval of this Court, that the Court may enter a Protective Order in this matter containing the following terms and conditions. Pursuant to Paragraph 15 below, the parties incorporate the procedures set forth in Local Rule 79-5 for the filing of documents under seal.

1. As used in this Joint Stipulation for Protective Order ("Protective Order"), the following terms shall be defined as follows:

   a. "Acknowledgment of Protective Order and Agreement to be Bound" means an executed document in the form attached as Exhibit A hereto.

   b. "Confidential Material" means Material designated as confidential pursuant to paragraph 2 of this Protective Order;

   c. "Material" means information, including, but not be limited to: documents; correspondence; memoranda; bulletins; specifications; customer lists or other information that identifies customers or potential customers; price lists or schedules or other matter identifying pricing; income and expense reports; profit margins or costs; cancelled checks; contracts; invoices; books of account; worksheets; contract proposals; business plans; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; models and prototypes and other physical objects; and

   d. "Outside Vendor" means a messenger, copy, coding, or other clerical-services or litigation support vendor that is not an employee or comprised of employees of a party or its counsel of record.

2. If a party or a non-party who has agreed to be bound by the terms of this Protective Order believes in good faith that any Material to be produced or provided in this litigation, including depositions, documents and other information produced or provided by a party, and Material produced or provided pursuant to third-party subpoena, constitutes or contains

1 confidential information, or that otherwise qualifies for protection under Federal Rule of Civil
2 Procedure 26(c), the party or non-party may designate such Material as "Confidential" in the
3 manner described in this Paragraph or as otherwise provided in this Protective Order. No such
4 designation or redaction shall be made unless counsel of record believes in good faith that the
5 designated Material is entitled to such protection. Except as otherwise provided in this Protective
6 Order, Material is to be designated as "Confidential" by physically placing the following
7 inscription (the "Confidentiality Inscription") upon the confidential Material: **CONFIDENTIAL**
8 or by notifying counsel of the Bates stamp of such Material.

9     3.    This Protective Order applies to all information contained or disclosed in any
10 Material, including documents, portions of documents, answers to interrogatories, responses to
11 requests for admissions, deposition testimony and transcripts of deposition testimony, including
12 data, summaries, and compilations derived therefrom, that is deemed to be confidential or trade
13 secret information by any party, including third parties, to which it belongs, and/or which has
14 been marked with the designation "CONFIDENTIAL."

15     4.    When Confidential Material is provided in an electronic format, including video, it
16 shall be designated by placing the Confidentiality Inscription on the disk, video or other medium
17 containing the Material. If any document is printed from a disk (or other electronic medium)
18 bearing the Confidentiality Inscription, the printed documents should be marked accordingly.

19     5.    All Confidential Material shall be used solely for the purpose of this action, and no
20 person receiving such Material shall, directly or indirectly, use, transfer, disclose, or communicate
21 in any way the Material to any person other than those specified in paragraph 6 of this Protective
22 Order. Any other use is prohibited.

23     6.    Material designated as "Confidential," and notes made therefrom, may only be
24 viewed by the following persons, and only after such persons (other than persons identified in
25 items (a)-(f)) have signed the "Acknowledgment of Protective Order and Agreement to be
26 Bound" attached hereto as Exhibit A.:

27     a.    The Court and its staff;
28     b.    Counsel of record working on this action on behalf of any party and counsel's

|    |    |    |
|----|----|----|
| 1  |    | partners, associates, paralegals, secretarial, and clerical and/or litigation |
| 2  |    | support employees; |
| 3  | c. | The parties to this action; |
| 4  | d. | The directors, officers and employees of the parties, if such persons are |
| 5  |    | deemed necessary by counsel to aid in the prosecution, defense or settlement of |
| 6  |    | the litigation; |
| 7  | e. | Authors or addressees of the designated Material, as well as persons identified |
| 8  |    | as "bcc" and "cc" on such Material, or persons who have testified that they |
| 9  |    | received it; |
| 10 | f. | Court reporters retained to transcribe testimony and their staff; |
| 11 | g. | Experts and consultants retained by any party or its counsel to assist with the |
| 12 |    | action and the employees of such experts and consultants who are actively |
| 13 |    | assisting them in this action; |
| 14 | h. | A witness at any deposition or other proceeding in this action and/or counsel |
| 15 |    | for such witness.  Such a witness may have access to the Material only if (1) |
| 16 |    | the witness is testifying regarding the matter that is confidential, and (2) if the |
| 17 |    | witness agrees to keep the matter confidential; |
| 18 | i. | Outside Vendors; and |
| 19 | j. | Any other outside independent persons (i.e., persons not currently or formerly |
| 20 |    | employed by, consulting with, or otherwise associated with any party) who are |
| 21 |    | retained by a party or its counsel of record to provide assistance as mock jurors |
| 22 |    | or focus group members or the like. |

23  7.  Third parties producing Material in the course of this action may also designate
24 such Material as "Confidential," subject to the same protections and constraints as the parties to
25 the action.  A copy of the Protective Order shall be served along with any subpoena served in
26 connection with this action.  All Material produced by such third parties shall be treated as
27 Confidential Material for a period of fourteen (14) days from the date of its production, and
28 during that period any party may designate such Material as "Confidential" pursuant to the terms

1 of the Protective Order.

2       8.      Before any person in categories (g), (h), (i) or (j) of paragraph 6 of this Protective
3 Order may receive Confidential Material, they shall execute an "Acknowledgment of Protective
4 Order and Agreement to be Bound" in the form attached as Exhibit A.  Opposing counsel shall be
5 notified at least fourteen (14) days prior to disclosure to any such person who is known to be an
6 employee or agent of, or consultant to, any competitor of the party whose designated Material is
7 sought to be disclosed.  Such notice shall provide a reasonable description of the outside
8 independent person to whom disclosure is sought sufficient to permit objection to be made.  If a
9 party objects in writing to such disclosure within fourteen (14) days after receipt of notice, no
10 disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court
11 or the objecting party.

12       9.      Whenever a deposition involves a disclosure of Material (including, without
13 limitation, information that is not in documentary form) that any party deems "Confidential," the
14 deposition shall be designated in accordance with this Protective Order.  Such designation shall
15 be made at the deposition and/or by written notice to the other party within fourteen (14) days of
16 receipt of the transcript.  During the deposition, the disclosing party shall have the right to
17 exclude from attendance all persons other than those permitted to view the Material under the
18 provisions of this Protective Order.

19       10.      Any party who inadvertently fails to identify Material as "Confidential" or to
20 redact such information shall provide written notice of the error and substitute appropriately-
21 designated or redacted Material.  Any party receiving the previously undesignated Material shall
22 retrieve such Material from persons not entitled to receive Confidential Material and, upon receipt
23 of the substitute Material, shall return or destroy the undesignated Material.

24       11.      If a party contends that any material is not entitled to confidential treatment, such
25 party may at any time give written notice by email to counsel for the party or non-party who
26 designated the material, specifically stating that it is challenging the designation in accordance
27 with Paragraph 11 of the Protective Order.  The parties shall attempt to resolve each challenge in
28 good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice by email or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, to apply to the Court for an order designating the material as Confidential Information. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

12. The inadvertent production of any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or protection shall not constitute a waiver of the applicable privilege or protection. If any such Material is inadvertently produced, the recipient of the Material shall, upon request from the producing party, promptly return all copies of the Material in the recipient's custody, possession, or control; delete any versions of the Material on any database the recipient maintains; and make no use of the Material; provided, however, that the party returning such Material shall have the right to apply to the Court within thirty (30) days of the producing party's request to return the Material for an order that such Material is not protected from disclosure by any privilege by reason of the Material's contents.

13. Each party or non-party that designates Material for protection under this Protective Order must take care to limit any such designation to specific Material that properly qualifies to be protected. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to monetary and/or other sanctions. A designating party must take care to designate for protection only those parts of Material, documents, items, or oral or written communications that qualify for protection

1  – so that the other portions of the Material, documents, items, or communications for which
2  protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.
3  If it comes to a party's or non-party's attention that Material that it designated for protection do
4  not qualify for protection, that party or non-party must promptly notify all other parties that it is
5  withdrawing the mistaken designation.

6      14.    Any use of Confidential Material at trial shall be governed by a separate agreement
7  or order.  The parties shall meet and confer in an effort to agree on a reasonable procedure for
8  offering any Confidential Material into evidence at trial, subject to the applicable rules of
9  evidence.  In the event that a reasonable procedure cannot be agreed upon by the parties, any
10 party may seek further protection of Confidential Material from the Court.

11     15.    Prior to trial, a party that seeks to file with the Court any Material designated as
12 "Confidential" by anyone other than itself shall provide as much advance notice as practical to the
13 designating party or non-party of the intended filing or use.  Absent written permission from the
14 designating party or a court order, a party may not file Confidential Material designated by
15 another party or non-party in the public record in this action without first complying with Local
16 Rule 79-5. The provisions of Local Rule 79-5 ("Filing Documents Under Seal in Civil Cases")
17 are hereby incorporated into this Protective Order by reference.

18     16.    Nothing herein shall impose any restriction on the use or disclosure by a party of
19 Material obtained by such party independent of discovery in this action or obtained by such party
20 that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain
21 after the time of disclosure through no fault of the receiving party; or (c) was received from a
22 third party who had no obligation of confidentiality at the time of the use or disclosure and
23 against whom the producing party has filed no claim with regard to the subject Material (any of
24 which the receiving party shall have the burden of proving).  The supplying party in this action
25 reserves all rights regarding any Material obtained by the receiving party independent of
26 discovery in this action.

27     17.    Within sixty (60) days of the termination of this action, including any appeals,
28 each Party shall either destroy or return to the party or non-party that designated Material as

1  "Confidential" all copies of such Material, and shall destroy all extracts and/or data taken from
2  such Material.  Each party shall provide a certification as to such return or destruction within the
3  sixty (60)-day period.  However, counsel of record shall be entitled to retain an archival copy of
4  all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda,
5  correspondence, deposition and trial exhibits, expert reports, attorney work product and
6  consultant and expert work product, even if such materials contain Confidential Material.
7        18.    The confidentiality obligations imposed by this Protective Order shall remain in
8  effect after termination of this action, including for any archival copies retained pursuant to the
9  preceding paragraph, unless the party that designated Material as "Confidential" agrees otherwise
10 or a court order otherwise directs.
11       19.    If a party is served with a subpoena or court order issued in another action that
12 requires production of Material designated as "Confidential" in this action, that party must
13 promptly notify the designating party; provide the designating party with a copy of the subpoena
14 or order as well as any non-confidential pleadings and papers in the other action reasonably
15 requested by the designating party to provide context for the subpoena or order; refrain from
16 producing the Confidential Material until the designating party has had an opportunity to file a
17 motion for a protective order in the other action; and, if the designating party timely seeks a
18 protective order in the other action, refrain from producing the Confidential Material pending
19 resolution by the court in that action.
20       20.    Any party may apply to the Court in this action for a modification of the Protective
21 Order, and nothing in this Protective Order shall be construed to prevent a party from seeking
22 such further provisions enhancing or limiting confidentiality as may be appropriate.
23       21.    No action taken in accordance with the Protective Order shall be construed as a
24 waiver of any claim or defense in the action or of any position as to discoverability or
25 admissibility of evidence.
26       22.    This Protective Order is without prejudice to the right of any party or person to
27 waive the applicability of this Protective Order to any Confidential Material produced or
28 disclosed by that person or to use any Confidential Material owned by the party or person in any

manner that party or person deems appropriate.

Dated:  April 20, 2018                                         DORSEY & WHITNEY LLP

                                                               /S/  *Gabrielle M. Wirth* _____
                                                               GABRIELLE M. WIRTH

                                                               Attorneys for Defendant XPO Logistics Supply Chain, Inc.

Dated:  April 19, 2018                                         THE OTTINGER FIRM, P.C.

                                                               /S/  *Benjamin D. Weisenberg* _____
                                                               BENJAMIN D. WEISENBERG

                                                               Attorneys for Plaintiff Steve Wood

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  __April 24,_____, 2018          _____[signature: Jeffrey S. White]_____
                                                               HON. JEFFREY S. WHITE
                                                               United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND**

I, _____, hereby declare that:

I reside at _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 4:16-cv-06681-JSW, pending in the United States District Court Northern District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Confidential Material obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty (30) days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court Northern District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order, and that I may be effectively served by certified or registered mail, return receipt requested.

Dated: _____     Signed: _____

**Filer's Attestation**

I, Gabrielle M. Wirth, counsel for XPO Logistics Supply Chain, Inc., sued herein as XPO Logistics, Inc., hereby attest that I have obtained the concurrence of Benjamin D. Weisenberg in the filing of the above Stipulated Protective Order Regarding Confidential Information.

/S/   *Gabrielle M. Wirth*
         GABRIELLE M. WIRTH